UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY LEE PRESTON,

    Petitioner,                        Case No. 2:24-CV-12316

v.                               UNITED STATES DISTRICT COURT JUDGE
                                     GERSHWIN A. DRAIN

DALE BONN,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Harvey Lee Preston, ("Petitioner"), confined at the Marquette Branch Prison in Marquette, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his conviction out of the Oakland County Circuit Court for carjacking, Mich. Comp. Laws § 750.529a, unarmed robbery, Mich. Comp. Laws § 750.530, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(c). *Id.; see People v. Preston*, No. 298796, 2012 WL 5853223, at *1 (Mich. Ct. App. Oct. 30, 2012).

This Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A). Therefore,

1

the Court transfers the case to the Court of Appeals so that petitioner may seek permission to file a successive habeas petition.

## I. BACKGROUND

Petitioner was convicted by a jury in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Preston*, 2012 WL 5853223, at *12.; *leave denied*, 829 N.W.2d 225 (Mich. 2013).

Petitioner filed his first federal habeas corpus petition, which was denied on the merits. *Preston v. Gidley*, No.14-10606, 2017 WL 4572336 (E.D. Mich. Oct. 12, 2017); *appeal dismissed sub nom. Preston v. Smith*, No. 17-2389, 2018 WL 2222599, (6th Cir. Apr. 25, 2018), *cert. denied*, 139 S. Ct. 431 (2018). Petitioner has since been denied permission ten times by the Sixth Circuit to file a successive federal habeas petition. *In re Preston,* No. 18-1847 (6th Cir. Nov. 26, 2018); *In re Preston,* No. 20-1641 (6th Cir. Dec. 8, 2020); *In re Preston,* No. 21-1071 (6th Cir. May 12, 2021); *In re Preston,* No. 21-2620 (6th Cir. Sept. 23, 2021); *In re Preston,* No. 22-1072 (6th Cir. July 28, 2022); *In re Preston*, No. 22-1723 (6th Cir. Sept. 28, 2022); *In re Preston,* No. 24-1010 (6th Cir. Feb. 13, 2024); *In re Preston*, No. 24-1052 (6th Cir. Feb. 21, 2024); *In re Preston,* No. 24-1067 (6th Cir. Mar. 7, 2024); *In re Preston,* No. 24-1232 (6th Cir. Apr. 17, 2024).

## II. DISCUSSION

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress has vested in the court of appeals a screening function that the district court previously had performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). AEDPA states that a federal district court lacks the jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. 28 U.S.C. § 2244(b)(3)(A); *see Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court… in which the action... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district

court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner previously filed a habeas petition with the federal courts challenging his conviction out of the Oakland County Circuit Court, which was denied on the merits. Thus, Petitioner cannot proceed with the issues raised in the current habeas application without first obtaining permission to file a second or successive habeas petition from the court of appeals.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims*, 11 F.3d at 47, and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

Accordingly, it is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: September 23, 2024          /s/Gershwin A. Drain  
                                                GERSHWIN A. DRAIN  
                                                United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 23, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager